## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |
|---|---|
| BENJAMIN D. TARVER,<br><br>Plaintiff,<br><br>v.<br><br>MARTEN TRANSPORT, LTD. CORP.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 6:26-CV-1366-CEM-DCI

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BENJAMIN D. TARVER ("Plaintiff"), sues Defendant MARTEN TRANSPORT, LTD. CORP. ("Defendant"), and alleges:

## INTRODUCTION

1. This is an action for damages and other relief arising from Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., in connection with Plaintiff's application for employment.

2. Plaintiff applied for a commercial driving position with Defendant and, as part of the application process, was required to execute documents authorizing Defendant and its agents to obtain consumer reports and related background information.

-1-

3. Defendant subsequently extended Plaintiff a conditional offer of employment after representing that it had reviewed Plaintiff's safety-performance history, employment history, and related information.

4. After extending the conditional offer and beginning orientation arrangements, Defendant rescinded the offer without providing Plaintiff a copy of any consumer report, a pre-adverse action notice, a Summary of Rights, or an opportunity to dispute information before the decision was made.

5. Plaintiff seeks relief under the FCRA for Defendant's unlawful employment-screening practices.

**PARTIES**

6. Plaintiff, BENJAMIN D. TARVER, is a natural person residing in Orange County, Florida.

7. Defendant, MARTEN TRANSPORT, LTD. CORP., is a foreign for-profit corporation organized under the laws of Delaware and authorized to transact business in the State of Florida.

8. At all times relevant, Defendant was an employer and a user of consumer reports within the meaning of the FCRA.

**JURISDICTION AND VENUE**

9. This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

10. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Plaintiff resides in this District.

## FACTUAL ALLEGATIONS

11. On or about May 21, 2026, Plaintiff submitted an online employment application for a commercial driving position with Defendant.

12. As part of the application process, Defendant required Plaintiff to execute a document labeled "Disclosure and Release."

13. The document advised Plaintiff that consumer reports, investigative consumer reports, employment-history reports, driving-history reports, safety-history reports, and related background reports could be obtained through entities including HireRight, DriveriQ, Asurint, and FMCSA sources.

14. The disclosure document also contained information unrelated to a stand-alone disclosure, including privacy-policy references, information-sharing provisions, FMCSA dispute procedures, ongoing authorization language, and other explanatory material.

15. The document further contained broad authorization language, including provisions authorizing information sharing and continuing procurement of reports during employment.

16. Upon information and belief, Defendant procured, requested, reviewed, or caused to be procured one or more consumer reports, investigative consumer reports, background reports, employment-history reports, safety-history reports, PSP reports, or related reports concerning Plaintiff.

17. On May 22, 2026, Defendant extended Plaintiff a conditional offer of employment for a Regional Driver position.

18. Defendant represented in writing that the offer followed a thorough review of Plaintiff's safety-performance history, employment history, and other related information.

19. Following the conditional offer, Plaintiff selected an orientation date and began making arrangements to attend orientation.

20. Defendant's recruiter communicated with Plaintiff regarding transportation and hotel arrangements associated with orientation.

21. On May 28, 2026, Defendant's recruiter telephoned Plaintiff and advised that Defendant would not proceed with Plaintiff's employment.

22. Defendant advised Plaintiff that it had determined Plaintiff lacked sufficient over-the-road experience.

23. Plaintiff had already disclosed his complete driving and employment history during the application process.

24. Defendant did not provide Plaintiff a copy of any consumer report before rescinding the conditional offer.

25. Defendant did not provide Plaintiff a copy of any PSP report before rescinding the conditional offer.

26. Defendant did not provide Plaintiff a pre-adverse action notice before rescinding the conditional offer.

27. Defendant did not provide Plaintiff a Summary of Rights under the FCRA before rescinding the conditional offer.

28. Defendant did not provide Plaintiff an opportunity to dispute any information before rescinding the conditional offer.

29. Plaintiff suffered damages as a result of Defendant's conduct, including the loss of a conditional employment opportunity, time expended, frustration, and the deprivation of rights guaranteed by the FCRA.

## COUNT I
### Violation of 15 U.S.C. § 1681b(b)(2)(A)(i)
### Failure to Provide a Clear and Conspicuous Stand-Alone Disclosure

30. Defendant required Plaintiff to execute a disclosure document before procuring consumer reports for employment purposes.

31. The disclosure document contained substantial information beyond a stand-alone disclosure that a consumer report may be obtained for employment purposes.

32. The document included additional explanations, privacy-policy references, information-sharing provisions, FMCSA procedures, continuing authorization language, and other extraneous material.

33. As a result, the disclosure was not provided in a document consisting solely of the disclosure, as required by 15 U.S.C. § 1681b(b)(2)(A)(i).

34. Defendant's violation was willful, or alternatively negligent.

35. Plaintiff suffered damages as a result of Defendant's violation.

## COUNT II
### Violation of 15 U.S.C. § 1681b(b)(2)(A)(ii)
### Failure to Obtain Proper Written Authorization

36. Defendant required Plaintiff to execute an authorization document as part of the employment-screening process.

37. The authorization language was combined with additional provisions unrelated to a valid FCRA authorization.

38. The authorization included broad information-sharing provisions, continuing authorization provisions, and other language beyond what is required to obtain written authorization for procurement of a consumer report.

39. Because the authorization was not obtained through a compliant disclosure and authorization process, Defendant failed to obtain proper written authorization as required by 15 U.S.C. § 1681b(b)(2)(A)(ii).

40. Defendant's violation was willful, or alternatively negligent.

41. Plaintiff suffered damages as a result of Defendant's violation.

**COUNT III**
**Violation of 15 U.S.C. § 1681b(b)(3)(A)**
**Failure to Provide Required Pre-Adverse Action Disclosures**

42. Upon information and belief, Defendant procured and used one or more consumer reports, investigative consumer reports, background reports, employment-history reports, safety-history reports, PSP reports, or related reports in connection with Plaintiff's application.

43. Defendant extended Plaintiff a conditional offer of employment and subsequently rescinded that offer.

44. Before rescinding the conditional offer, Defendant did not provide Plaintiff a copy of any consumer report relied upon.

45. Before rescinding the conditional offer, Defendant did not provide Plaintiff a copy of the Summary of Rights required by the FCRA.

46. Before rescinding the conditional offer, Defendant did not provide Plaintiff a meaningful opportunity to review or dispute information before the decision was made.

47. Defendant thereby violated 15 U.S.C. § 1681b(b)(3)(A).

48. Defendant's violation was willful, or alternatively negligent.

49. Plaintiff suffered damages as a result of Defendant's violation.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff

and against Defendant as follows:

(a). Award actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

(b). Award statutory damages pursuant to 15 U.S.C. § 1681n;

(c). Award punitive damages pursuant to 15 U.S.C. § 1681n to the extent permitted by

law;

(d). Award damages in the total amount of $32,500, inclusive of actual damages,

statutory damages, punitive damages if awarded, and all other recoverable relief;

(e). Award costs of suit;

(f). Award such other and further relief as the Court deems just and proper.


Respectfully submitted,

_____

BENJAMIN D. TARVER
450 South Orange Ave, 3rd Floor
Orlando, FL  32801
T: 407-308-2968
E: litigation@civilfilings.com

*Plaintiff, Pro Se*

Dated: June 18, 2026