UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BENJAMIN D. TARVER,

Plaintiff,

v.

Case No: 26-CV-1366-CEM-DCI

MARTEN TRANSPORT, LTD, CORP,

Defendant.

**DEFENDANT'S MOTION TO STAY DISCOVERY AND LITIGATION DEADLINES PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, MARTEN TRANSPORT, LTD, CORP, ("Marten")[1], by and through undersigned counsel, respectfully moves this Court to stay discovery and all case management deadlines, pending the Court's ruling on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. 19.]

## <u>RELEVANT BACKGROUND</u>

Plaintiff Benjamin D. Tarver ("Plaintiff") initiated this action by filing a Complaint asserting violations of the Fair Credit Reporting Act ("FCRA"). [Dkt. 1.] Marten responded with a Motion to Dismiss Plaintiff's Complaint pursuant to a significant legal deficiency. [Dkt. 14.] Plaintiff responded to Marten's Motion to Dismiss by filing a First Amended Complaint. [Dkt. 17.]

[1] Marten Transport, Ltd. was incorrectly named as Marten Transport, Ltd. Corp. in Plaintiff's initial Complaint and First Amended Complaint. Marten Transport, Ltd. is the correct entity name for the Defendant.

Marten filed a Motion to Dismiss Plaintiff's First Amended Complaint on August 19, 2026, that may dispose of this case entirely. [Dkt. 19.] Accordingly, good cause exists to stay discovery and related litigation deadlines until the Court rules on Marten's Motion to Dismiss Plaintiff's First Amended Complaint.

## SUMMARY OF ARGUMENT

Good cause exists to stay discovery and the Parties' Rule 26 obligations because the Court's ruling on Marten's Motion to Dismiss may eliminate the need for discovery in this action entirely. Marten's pending Motion to Dismiss challenges whether Plaintiff has Article III standing to bring his claim against Marten. [Dkt 19.] Commencing discovery now, prior to resolution of this significant threshold pleading issue, would force the parties to incur the most significant litigation burdens and expenses without knowing whether the Plaintiff's sole claim for relief will survive past a Motion to Dismiss.

The limited stay requested here will not unfairly prejudice Plaintiff. Discovery has not commenced, and a short pause pending the Court's ruling will simply ensure that unnecessary discovery does not occur.

At the same time, denying a stay would prejudice Marten by compelling immediate discovery obligations and costs that may prove unnecessary depending on the Court's disposition of the pending Motion to Dismiss.

## ARGUMENT WITH INCORPORATED MEMORANDUM OF LAW

### I. Applicable Legal Standards.

A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) (holding that the district court did not abuse its "broad discretion" when entering stay to resolve motion to dismiss). The Eleventh Circuit has further instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

In this vein, the Eleventh Circuit recognizes that requiring the parties to engage in discovery while a motion to dismiss is pending can subject the parties to undue burden and expense. *Id.* at 1368 ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.").

The "party seeking the stay must prove good cause and reasonableness." *Anderson v. Bullard*, No. 8:18-CV-901-T-35AAS, 2018 WL 5920476, at *1 (M.D. Fla. Nov. 13, 2018) (citing *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32-HL, 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008)) (granting motion to stay discovery based on pending motion to dismiss citing lack of personal jurisdiction). "In reviewing such facial challenges, a court must take a 'preliminary peek at the merits of the dispositive motion to assess the likelihood that such motion will be granted.'" *Id*. "To determine whether a stay is appropriate, the Court must conduct a balancing test." *Id.* "It must weigh 'the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Id*. When considering the factors discussed above, good cause exists to grant this Motion to Stay.

## I. GOOD CAUSE EXISTS TO STAY DISCOVERY AND NO PREJUDICE RESULTS FROM A STAY.

### A. The Pending Motion to Dismiss Raises Threshold Issues That May Dispose of Plaintiff's Claim Entirely.

Marten's pending Motion to Dismiss challenges whether Plaintiff has Article III standing to bring his claim and requests dismissal of the operative pleading. [Dkt 19.] Specifically, the Motion argues that Plaintiff brings forth a bare procedural statutory violation that does not give rise to an injury in fact. *Id*.

If the Court agrees that the Plaintiff does not have Article III standing to bring his claim, the Court must dismiss the First Amended Complaint for lack of subject matter jurisdiction. In that case, any discovery will be unnecessary. Proceeding with discovery prior to the Court's ruling on the Motion to Dismiss forces the parties to litigate discovery in a case that may not survive the pleading stage—an inefficiency that is avoidable by a short, targeted stay.

### B. Discovery Now Would Be Disproportionate and Risk Becoming Moot in Light of the Pleading Disputes.

Allowing discovery to proceed before the Court resolves the pending Motion to Dismiss would impose significant costs that may prove unnecessary. Requiring Marten to undertake wide-ranging discovery while a crucial question of legal sufficiency remains unresolved is exactly the scenario *Chudasama* warns against: if nonmeritorious claims are dismissed before discovery begins, "unnecessary costs … can be avoided"; but delaying resolution until after discovery "encourages abusive discovery" and imposes needless costs if the claims are ultimately dismissed. *Chudasama*, 123 F.3d at 1368. A short stay prevents the parties and the Court from expending resources on discovery disputes that may become entirely irrelevant depending on the Court's ruling.

**C. A Stay Promotes Judicial Economy.**

A brief stay also conserves judicial resources. Plaintiff is proceeding in his case pro se, which may require greater court intervention when discovery disputes arise. The balancing approach endorsed in this District recognizes that the Court should weigh the harm of delay against the likelihood the dispositive motion will eliminate or narrow the need for discovery. *Anderson*, 2018 WL 5920476, at *1. Here, because the Motion challenges whether Plaintiff has pleaded a viable claim at all, the risk of wasted discovery effort is substantial. [Dkt 19.]

**B. Plaintiff Will Not Be Unduly Prejudiced by a Temporary Stay Pending the Court's Ruling.**

Plaintiff will not be unfairly prejudiced by the requested stay. The stay is limited in duration and keyed to a near-term event—resolution of the pending Motion to Dismiss. *See Anderson*, 2018 WL 5920476, at *1 (balancing test). Discovery has not yet progressed to the point where a short pause would meaningfully impair Plaintiff's ability to prosecute the case, and Marten will continue to preserve relevant information during the stay. Moreover, any generalized desire to begin discovery immediately does not outweigh the concrete burden and inefficiency of forcing discovery to proceed while the legal sufficiency of the operative claims remains in dispute. *See Chudasama*, 123 F.3d at 1367–68.

### D. Balancing the Relevant Considerations Demonstrates Good Cause.

Balancing the likely burden and waste of proceeding with discovery now against the substantial possibility that the pending Motion to Dismiss may dismiss Plaintiff's claim, Marten has shown good cause and reasonableness for a limited stay. *See Moore*, 141 F. App'x at 808; *Anderson*, 2018 WL 5920476, at *1. A short stay will streamline the case, promote proportional discovery, and conserve party and judicial resources by ensuring discovery—if warranted—proceeds only after the Court determines if the Plaintiff has brought a claim over which the Court may preside.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion, stay all discovery and all case-management deadlines in this action, and resume discovery only after the Court rules on Defendant's Motion to Dismiss [Dkt. 19] or after the pleadings are otherwise settled.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that Defendant's counsel conferred with Plaintiff via email on August 17, 2026, regarding the relief sought in this Motion. Defendant is authorized to represent that Plaintiff did not want to take a position on the Motion until he reviewed the docketed filing. Per Local Rule 3.01(g), Defendant will attempt to obtain Plaintiff's position on the Motion in

the next three days and provide the Court with a timely update.

Dated this 20th day of August, 2026.

**DEWITT LLP**

*/s/ Jordan Rohlfing*
Jordan Rohlfing (WI #1088042)
25 West Main Street, Suite 800
Madison, WI 53703
608-255-8891
jxr@dewittllp.com
Lead Counsel

And

**Jackson Lewis P.C.**

Christopher Cavaliere (FL #85776)
Wells Fargo Center
100 South Ashley Drive.
Suite 2200
Tampa, FL 33602
(813) 512-3210
Christopher.Cavaliere@jacksonlewis.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2026, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system. I further certify that the foregoing was served upon Plaintiff, Benjamin D. Tarver, via the Court's CM/ECF system. Plaintiff consented to receive Notices of Electronic Filings at the email address of record for Plaintiff.

*/s/ Jordan Rohlfing*
Jordan Rohlfing (WI #1088042)